IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANK EDWIN PATE,<br>　ID # 30430-408,<br>　　Petitioner, | §<br>§<br>§<br>§ | |
| v. | § | No. 3:25-CV-2405-N-BW |
| | § | |
| DIRECTOR, VOLUNTEERS OF<br>AMERICA,<br>　　Respondent. | §<br>§<br>§ | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, received on September 5, 2025. (Dkt. No. 3.) Based on the relevant filings and applicable law, the Court should **DISMISS** the petition without prejudice for lack of jurisdiction.

## I. BACKGROUND

Frank Edwin Pate, a federal inmate housed at a Bureau of Prisons residential reentry center ("RRC") in Hutchins, Texas, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his underlying criminal conviction. (*See id.* at 1, 3-6.) He names the Director of the entity administering his RRC as the respondent. (*See id.* at 1.)

Following a trial, a federal jury convicted Pate of two counts of wire fraud in violation of 18 U.S.C. § 1343 and one count of mail fraud in violation of 18 U.S.C.

---

[1] By Special Order No. 3-251, this habeas case has been automatically referred for full case management.

§ 1341 in the United States District Court for the Eastern District of Texas, Sherman Division. *See United States v. Pate*, No. 4:14-CR-125-ALM-AGD-1, Dkt. Nos. 12, 73 (E.D. Tex. May 26, 2015). By amended judgment dated May 27, 2016, that court sentenced him to 168 months' imprisonment on each count, to be served concurrently and to be followed by three years of supervised release. *See id.*, Dkt. No. 184. It also ordered him to pay restitution in the amount of $2,829,586.84. *See id.*

> In his current petition, Pate asserts the following grounds for relief:
>
> (1) Unauthorized Prosecutors Rendered the Judgment Void;
>
> (2) Defective Indictment;
>
> (3) Fraudulent Grand Jury Process;
>
> (4) Denial of Appellate Review/Abandonment of Counsel;
>
> (5) Multiple Arrests Based on Void Warrants and Unlawful Federal Direction;
>
> (6) Failure of the Fifth Circuit to Review Rule 29 and Rule 52(b) Errors Constitutes Structural Error; and
>
> (7) Suppression of Material Evidence (Brady/Giglio Violation).

(Dkt. No. 3 at 3-6.) He asks the Court to declare his criminal conviction and sentence in the Eastern District of Texas void, vacate the judgment and dismiss the indictment with prejudice in that underlying criminal proceeding, order his immediate release, or alternatively, reinstate his direct appeal rights. (*See id.* at 7.)

## II.  JURISDICTION

Generally, a § 2241 petition is the proper procedural vehicle to challenge "the manner in which a sentence is carried out or the prison authorities' determination of its duration," while claims collaterally challenging the validity of a federal sentence are properly raised in a motion under 28 U.S.C. § 2255.  *Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir. 2000); *see also Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005).  When a § 2241 petition challenges the validity of a federal sentence by attacking errors that occurred at or prior to sentencing, as here, the court must dismiss it or construe it as a § 2255 motion, unless the petitioner shows under the "savings clause" of § 2255 that the remedy provided by § 2255 "is inadequate or ineffective."  *Pack*, 218 F.3d at 452; *see also* 28 U.S.C. § 2255(e).  To make this showing, the petitioner must demonstrate that "unusual circumstances make it impossible or impracticable to seek relief in the sentencing court."  *Barrientes v. Warden USP Pollock*, No. 23-30896, 2024 WL 2369376, at *1 (5th Cir. May 23, 2024) (unpublished) (quoting *Jones v. Hendrix*, 599 U.S. 465, 478 (2023)).

Here, although Pate purports to file his habeas petition pursuant to § 2241, all but his sixth ground for relief collaterally challenge the validity of his underlying conviction and sentence in the Eastern District of Texas and allege errors that occurred "at or prior to sentencing" in those criminal proceedings.  *Pack*, 218 F.3d at 451.  They therefore are properly raised in a motion under § 2255.  As to his sixth ground for relief, which challenges the Fifth Circuit's alleged failure to review the merits of his challenges under Federal Rules of Criminal Procedure 29 and 52(b), this

3

Court lacks jurisdiction "to entertain claims of appellate court error as a district court does not sit in direct review of a federal appellate court's holdings." *Demmitt v. United States*, No. 2:15-CV-0059, 2017 WL 563977, at *7 (N.D. Tex. Jan. 20, 2017), *rec. adopted*, 2017 WL 564531 (N.D. Tex. Feb. 10, 2017).

Pate also has not made any showing to establish that "unusual circumstances make it impossible or impracticable to seek relief in the sentencing court."[2] *Cabello v. Hijar*, No. 24-50407, 2024 WL 4614718, at *1 (5th Cir. Oct. 30, 2024) (citation and internal quotation marks omitted). To the contrary, Pate is currently seeking relief in the sentencing court in a pending § 2255 action, thereby establishing that seeking relief in the sentencing court is neither impossible nor impracticable. *See Pate v. United States*, No. 4:25-CV-262-RWS-JBB (E.D. Tex. Nov. 19, 2024). Pate therefore has not satisfied his burden to show that his petition is reviewable under the savings clause of § 2255(e), and his grounds—to the extent cognizable—can only be considered through a § 2255 motion to vacate. *See, e.g.*, *Barrientes*, 2024 WL 2369376, at *1.

"A section 2255 motion must be filed in the sentencing court," and Pate was sentenced in the Eastern District of Texas. *Pack*, 218 F.3d at 451; *see also* 28 U.S.C. § 2255(a). Accordingly, this Court lacks jurisdiction to consider Pate's petition under

---

[2] Pate contends that "the Fifth Circuit returned Petitioner's § 2241 petition, instructing him to file in the Northern District of Texas," and purports to include an exhibit showing same. (Dkt. No. 3 at 2, 8.) A review of his attached exhibit shows that the Fifth Circuit returned his § 2241 petition and only instructed him to "[f]ile your petition with the appropriate U.S. District Court." (*Id.* at 11.) As the Court has explained, the sentencing court is the appropriate court for the claims Pate attempts to raise in this habeas action.

§ 2255. Because Pate already has a § 2255 motion currently pending in the sentencing court, the Court should dismiss the petition without prejudice for lack of jurisdiction, rather than transfer it.

### III.  RECOMMENDATION

The Court should **DISMISS** the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, received on September 5, 2025, (Dkt. No. 3), without prejudice for lack of jurisdiction.

**SO RECOMMENDED** on September 23, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).