IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANK EDWIN PATE,<br>    ID # 30430-408,<br>        Petitioner, | §<br>§<br>§<br>§ | |
| v. | § | No. 3:25-CV-2405-N-BW |
| | § | |
| DIRECTOR, VOLUNTEERS OF<br>AMERICA, | §<br>§<br>§ | |
|         Respondent. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Motion to Reopen and Reinstate Proceedings Under Fed. R. Civ. P. 60(b), received on October 24, 2025. (Dkt. No. 13.) Based on the relevant filings and applicable law, the Court should **DENY** the motion.

**I.  BACKGROUND**

On September 5, 2025, Frank Edwin Pate, a federal inmate housed at a Bureau of Prisons residential reentry center ("RRC") in Hutchins, Texas, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (*See* Dkt. No. 3.) Because Pate's grounds for relief either collaterally challenged the validity of his underlying federal criminal convictions and sentence out of the United States District Court for the Eastern District of Texas or challenged alleged deficiencies by the United States Court of Appeals for the Fifth Circuit, and because Pate had a motion under 28 U.S.C. § 2255 pending in the Eastern District of Texas, the undersigned

---

[1] By Special Order No. 3-251, this habeas case has been automatically referred for full case management.

recommended that the petition be dismissed for lack of jurisdiction. (*See* Dkt. No. 5.) Over Pate's objections, the Court accepted the recommendation and entered judgment dismissing the petition without prejudice for lack of jurisdiction on October 10, 2025. (*See* Dkt. Nos. 11-12.)

On October 24, 2025, Pate filed the current motion, complaining that the dismissal of his § 2241 petition "did not address Petitioner's October 7 Motion to Compel Policy and Chain-of-Custody Records and for Protective Order, nor did it consider subsequent constitutional and statutory violations." (Dkt. No. 13 at 2.) He also alleges that "[n]ew facts have since arisen, including a documented seizure (June 2025) and denial of prescribed neurological care and medication, creating imminent risk of serious harm." (*Id.*) He expressly seeks relief under Federal Rule of Civil Procedure 60(b)(2) and 60(b)(6), and he reiterates various challenges to the validity of his convictions and sentence in the Eastern District of Texas. (*Id.* at 2-4.)

## II.  RULE 60(b)

As the Court has noted, Pate specifically seeks relief from judgment under Rule 60(b)(2) and 60(b)(6). (*See* Dkt. No. 13 at 2-3.) Rule 60(b)(2) authorizes relief from judgment based on newly discovered evidence that, with reasonable diligence, could not have been discovered earlier, and Rule 60(b)(6), the "catch-all" clause of Rule 60(b), authorizes relief from judgment for any other reason that justifies relief. *Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002); *see also* Fed. R. Civ. P. 60(b)(2), (b)(6). Pate also appears to seek relief under Rule 60(b)(4), which authorizes relief from judgment when a judgment is void. (*See* Dkt. No. 13 at 4); Fed. R. Civ. P.

2

60(b)(4). The burden of establishing that Rule 60(b)'s requirements are met is on Pate, and a determination of whether that burden has been met rests within the discretion of the Court. *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994).

As a threshold matter, to the extent Pate complains that the dismissal of his § 2241 petition failed to address "his October 7 Motion to Compel Policy and Chain-of-Custody Records and for Protective Order," there is no record in the Court's docket of such a motion. (Dkt. No. 13 at 2.) Although Pate attaches to his current filing an electronically signed motion of the same title dated October 7, 2025, it is not file-stamped by the Court, and Pate provides no other record to show that it was filed in or received by the Court. (*See id.* at 12-15.) Even if the motion had been filed on October 7, 2025, as alleged, Pate still fails to show entitlement to relief from judgment under both Rule 60(b)(2) and Rule 60(b)(6).

Relief under Rule 60(b)(2) based on newly discovered evidence requires a petitioner to demonstrate (1) that he "exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment." *Nat'l City Golf Fin., a Div. of Nat'l City Com. Cap. Co., L.L.C. v. Scott*, 899 F.3d 412, 418 (5th Cir. 2018) (citation and internal quotation marks omitted). Relief under the "catch-all" provision of Rule 60(b)(6) is available "only if extraordinary circumstances are

present." *Hess*, 281 F.3d at 216 (quoting *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995)).

Here, Pate's alleged new evidence for purposes of Rule 60(b)(2)—which the Court assumes, for purposes of this motion only, Pate exercised due diligence in obtaining—and many of his alleged "extraordinary circumstances" for purposes of Rule 60(b)(6) are premised on his conditions of confinement. (*See* Dkt. No. 13 at 2-3; 7-10.) These claims are non-habeas in nature and are properly raised in a separate civil rights action; they are not cognizable in a habeas action. *See, e.g.*, *Schipke v. Van Buren*, 239 F. App'x 85, 85-86 (5th Cir. 2007) ("Allegations that challenge the fact or duration of confinement are properly brought in habeas petitions, while allegations that challenge rules, customs, and procedures affecting conditions of confinement are properly brought in civil rights actions."). As such, they fail to establish a basis warranting Rule 60(b) relief in this habeas case.

Additionally, to the extent Pate attempts to recharacterize his challenges to the validity of his underlying conviction and sentence in the Eastern District of Texas as "extraordinary circumstances" for purposes of Rule 60(b)(6), his contentions are without merit. (*See* Dkt. No. 13 at 3.) For the reasons the Court explained in its recommendation, § 2255 is the proper vehicle for Pate's challenges to the validity of his underlying convictions and sentence, and the appropriate court for pursuing a § 2255 motion is the sentencing court. (*See* Dkt. No. 5 at 3-4.) That Pate disagrees with his available § 2255 remedies and the decisions or rulings by the sentencing court does not render the § 2255 remedy inadequate or ineffective and therefore also

4

does not constitute "extraordinary circumstances" warranting relief under Rule 60(b)(6). *See, e.g.*, *Hammoud v. Ma'at*, 49 F.4th 874, 880-81 (5th Cir. 2022).

Regarding Rule 60(b)(4), Pate contends that "[b]ecause the criminal judgment issued without constitutional foundation, it is void within Rule 60(b)(4)" and he is entitled to relief. (Dkt. No. 13 at 4.) Rule 60(b)(4) does not apply to criminal judgments, however, and Pate has not articulated any basis—much less a meritorious one—showing that the judgment in this action is void for purposes of Rule 60(b)(4). *See, e.g.*, *United States v. Williams*, 274 F. App'x 346, 347 (5th Cir. 2008) ("Rule 60(b) provides relief from judgment in civil cases, not in criminal cases.").

Accordingly, because Pate has provided insufficient grounds to justify relief from judgment under any of the Rule 60(b) provisions upon which he relies, the Court should deny his motion.

### III.  RECOMMENDATION

The Court should **DENY** the Motion to Reopen and Reinstate Proceedings Under Fed. R. Civ. P. 60(b), received on October 24, 2025 (Dkt. No. 13).

**SO RECOMMENDED** on November 14, 2025.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

5

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).